**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 24  P 2: 19

CLERK _J. LaVictoire_
SO. DIST. OF GA.

TREDIS STANLEY,                                  :

        Petitioner,                              :

vs.                                              :           CIVIL ACTION NO.: CV206-036

BUREAU OF PRISONS; Mrs. WILLIAMS;  :
R.E. HOLT; KATHY ACRE; JOSE               :
VAZQUEZ, Warden; HARLEY G. LAPIN,   :
and ALBERTO GONZALES, Attorney         :
General of United States,                        :

        Respondents.                           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tredis Stanley ("Stanley"), an inmate currently confined at Federal Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Response, and Stanley filed a Traverse. For the reasons which follow, Stanley's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Stanley contends that the Bureau of Prisons has improperly refused to transfer him to a camp based on his classification status. Stanley asserts that his Pre-Sentence Investigation Report is inaccurate, and that, as a result, the Bureau of Prisons assessed him with a conviction based on a firearms charge. Stanley also asserts that the Bureau of Prisons has denied him the right to due process based on this improper classification.

---

[1] The only proper Respondent in a section 2241 proceeding is the Warden of the facility at which a petitioner is incarcerated.

AO 72A
(Rev. 8/82)

Respondent avers that Stanley complains of the conditions of his confinement, and thus, Stanley's petition is not cognizable under § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46, 117 S. Ct. 1584, 1587-88, 137 L. Ed.2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383, (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care during the period of incarceration or being denied a transfer to a camp facility, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 126 L. Ed. 2d 811 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

2

Stanley filed this cause of action pursuant to 28 U.S.C. § 2241. (Pet., p. 1.) Stanley asserts that he has been denied his right to due process based on the Bureau of Prisons' classification, which is a condition of his confinement. This Court has looked beyond the terminology Stanley used, and it appears that the true nature of Stanley's pleading is a complaint based upon alleged civil rights violations. See Fernandez-Roque, 671 F.2d at 429. As such, his cause of action properly lies in 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which authorize an inmate to bring a cause of action for a violation of his constitutional rights by a federal actor.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Stanley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _24th_ day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3